1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOVIA LAFAELE,

11              Plaintiff,              No. CIV S-06-1049 FCD DAD P

12        vs.

13   ARNOLD SCHWARZENEGGER,

14              Defendant.             ORDER

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28

18   U.S.C. § 1915 and a motion for appointment of counsel.

19              Plaintiff's in forma pauperis application is incomplete.  The certificate section of

20   the form has not been completed by a prison official, and the application does not include a

21   certified copy of plaintiff's prison trust account statement.  See 28 U.S.C. § 1915(a)(2).

22   Plaintiff's incomplete application will be denied without prejudice, and plaintiff will be granted

23   thirty days to submit a properly completed application.

24              Plaintiff's motion for appointment of counsel may have been filed in this court in

25   error.  The motion is captioned for filing in the United States Court of Appeals for the Ninth

26   Circuit and indicates that plaintiff is proceeding with an appeal from the decision of a district

1

court on a habeas corpus petition.  Plaintiff cites 18 U.S.C. § 3006A(a)(2)(B), asserts that he is being deprived of his liberty, and notes that the respondents have the benefit of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances in this case.  Plaintiff's motion will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 12, 2006 application to proceed in forma pauperis is denied without prejudice;

2.  Plaintiff's May 12, 2006 motion for appointment of counsel is denied;

3.  Plaintiff shall file, within thirty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff's new application must include a certified copy of his prison trust account statement for the six month period immediately preceding the filing of his complaint; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

DATED: May 30, 2006.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13:bb
lafa1049.3c+

2