1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TOVIA LAFAELE,

11          Plaintiff,              No. CIV S-06-1049 FCD DAD P

12      vs.

13   ARNOLD SCHWARZENEGGER,

14          Defendant.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed July 10, 2006, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has filed an amended complaint.

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

24   U.S.C. § 1915A(b)(1) & (2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

7   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

10  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

11  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

12  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

13  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

14  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

15  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

16  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

17  (1969).

18          The Civil Rights Act under which this action was filed provides as follows:

19          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
20          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
21          law, suit in equity, or other proper proceeding for redress.

22  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

23  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

24  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

25  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

26  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

8  allegations concerning the involvement of official personnel in civil rights violations are not

9  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10         In his original complaint, plaintiff alleged that defendant Schwarzenegger violated

11  his constitutional rights when he approved legislation in 2005 requiring the California

12  Department of Corrections to ban all tobacco products in state prisons.  Plaintiff sought relief on

13  four claims.  First, plaintiff claimed that he had a liberty interest in smoking in prison and that the

14  tobacco ban violated his right to due process.  Second, plaintiff claimed that the tobacco ban

15  prevented him from fulfilling his desire to smoke and placed physical and emotional strain on

16  him thereby subjecting him to cruel and unusual punishment.  Third, plaintiff claimed that the

17  tobacco ban discriminated against him because out-of-state prisoners can buy and consume

18  tobacco.  Finally, plaintiff claimed that defendant Schwarzenegger violated his freedom of

19  speech by approving the tobacco ban without considering the views of pro-smoking groups.

20         At screening, the court found that plaintiff's due process, equal protection, and

21  free speech claims were frivolous and lacked an arguable basis in law and in fact.  However, the

22  court found that it was possible that plaintiff could amend his complaint to state a cognizable

23  Eighth Amendment claim against correctional or medical staff for failing to provide

24  constitutionally-adequate treatment for physical and psychological suffering caused by the

25  tobacco ban.  The court dismissed plaintiff's complaint with leave to file an amended complaint

26  alleging Eighth Amendment claims against appropriate defendants.

3

1    In plaintiff's amended complaint, he restates his allegation that defendant

2    Schwarzenegger, acting under color of state law, approved legislation requiring the California

3    Department of Corrections to ban all tobacco products in state prisons.  Plaintiff claims that the

4    ban deprives him of his ability to smoke as well as to "chew, snuff, and pinch" smokeless

5    tobacco.  Again, plaintiff claims that defendant Schwarzenegger's approval of the tobacco ban

6    has violated his rights under the Due Process Clause, the Equal Protection Clause, and has

7    subjected him to cruel and unusual punishment.  Plaintiff requests declaratory relief, injunctive

8    relief, and damages.  For reasons discussed below, the court finds that plaintiff's claims are

9    frivolous and should be dismissed.

10    First, the Due Process Clause of the Fourteenth Amendment guarantees that no

11    person may be deprived "of life, liberty, or property, without due process of law."  A person

12    asserting a violation of the right to due process must allege facts showing that he was deprived of

13    an interest cognizable under the Due Process Clause and that the procedures attendant on the

14    deprivation were not constitutionally sufficient.  See Kentucky Dep't of Corrections v.

15    Thompson, 490 U.S. 454, 459-60 (1989); Board of Regents v. Roth, 408 U.S. 564, 571 (1972).

16    Liberty interests in the prison context are generally limited to freedom from restraints that

17    "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of

18    prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Even severe hardship does not rise to

19    the level of a constitutional violation unless it is both atypical and significant.  Id.

20    As this court previously advised plaintiff, "[i]n upholding smoking restrictions,

21    courts have held that smoking is not a liberty interest protected by the due process clause."  Thiel

22    v. Nelson, 422 F. Supp. 2d 1024, 1030 (W.D. Wis. 2006).  See also Larson v. Runnels, No. CIV

23    S-06-1413 ALA, 2008 WL 220377 at *4 (E.D. Cal. Jan 25, 2008) (prisoner's due process claim

24    fails as a matter of law because California ban on tobacco products, including snuff, serves

25    legitimate penological interests).  Indeed, as one district court has noted there is "an avalanche of

26    cases in which federal courts have rejected constitutional challenges to smoking restrictions in

4

prisons." <u>Thiel</u>, 422 F. Supp. 2d at 1029.  In contrast, there appears to be no case in which a federal court has held that smoking is a liberty interest cognizable under the Due Process Clause. In addition, plaintiff's allegations fail to demonstrate that California's ban on tobacco in state prisons imposes an atypical and significant hardship in relation to the ordinary incidents of prison life.  Accordingly, the court finds that plaintiff's due process claim lacks an arguable basis in law and should be dismissed as frivolous.

Next, the Equal Protection Clause guarantees that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  This provision "is essentially a direction that all persons similarly situated should be treated alike."  <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985).  To state an equal protection claim, a plaintiff must allege (1) membership in a suspect class, (2) deprivation of a fundamental right, or (3) enforcement of state laws or regulations in an arbitrary or invidiously discriminatory manner. State action that does not implicate either a fundamental right or a suspect classification will pass constitutional muster under the Equal Protection Clause if it bears a rational relation to a legitimate state interest.  <u>See Heller v. Doe</u>, 509 U.S. 312, 319 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity.");  <u>Webber v. Crabtree</u>, 158 F.3d 460, 461 (9th Cir. 1998) (citing <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221-22 (9th Cir. 1989));  <u>Armendariz v. Penman</u>, 75 F.3d 1311, 1326 (9th Cir. 1996).  A plaintiff alleging a denial of equal protection bears the burden of establishing a prima facie case of discrimination.  <u>See United States v. Estrada-Plata</u>, 57 F.3d 757, 760 (9th Cir. 1995).

As the court previously advised plaintiff, prisoners are not members of a protected class solely on the basis of their status as prisoners, <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1179 (9th Cir. 1999);  <u>Webber</u>, 158 F.3d at 461, and smoking is not a fundamental right, <u>Webber</u>, 158 F.3d at 461. <u>See also Larson</u>, 2008 WL 220377 at *4 ("There are no cases which hold that the right to use tobacco is a fundamental liberty interest or that a prisoner who uses tobacco products is a

1  member of a protected class.").  Furthermore, plaintiff's own allegations demonstrate that the ban

2  on tobacco in state prisons bears a rational relation to legitimate governmental objectives.  The

3  reasons cited for banning tobacco in California prisons include promotion of a healthier

4  workplace, potential reduction in healthcare and disability costs, and reduction in the temptation

5  and opportunity for staff, inmates, and visitors to traffic in contraband.  (Compl. at 4 & 20.)  It is

6  well established that protecting inmates and staff by providing a clean air environment and safe

7  conditions of confinement are legitimate governmental objectives.  See Webber, 158 F.3d at 461

8  (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).  See also Thiel, 422 F. Supp. 2d at 1030

9  (holding that the smoking ban at a mental health facility for Wisconsin patients involuntarily

10  committed pursuant to a sexually-violent-persons statute is rationally related to legitimate

11  penological interests in improving inmate health and safety, reducing fire hazards, maintaining

12  clean and sanitary conditions, and reducing complaints and the threat of litigation from inmates

13  who do not smoke); Brashear v. Simms, 138 F. Supp. 2d 693, 694 (D. Md. 2001) ("It should be

14  perfectly obvious to any rational person that the State of Maryland, in view of the well known

15  harmful effects of secondhand smoke, has a legitimate interest in protecting the health of non-

16  smokers forced to be its guests in correctional facilities."); Pauley v. DeJonge, No. CV-04-3144-

17  MWL, 2005 WL 3303938, at *4 (E.D. Wash. Dec. 5, 2005) (holding that the smoking ban in

18  Washington state prisons is rationally related to the legitimate state purpose of protecting the

19  health and safety of inmates and staff by providing a clean air environment); Morrison v. Cook,

20  No. 97-57-ST, 1999 WL 717218, at *8 (D. Or. Apr. 27, 1999) (holding that the ban on personal

21  use and possession of tobacco in Oregon state prisons is based on legitimate penological

22  justifications).  As these cases demonstrate, smoking restrictions and tobacco bans have been

23  imposed in federal prisons as well as the prisons of numerous states and all have survived

24  constitutional challenges.  Accordingly, plaintiff's equal protection claim lacks an arguable basis

25  in law and should be dismissed as frivolous.

26  /////

1          Finally, the Eighth Amendment prohibits the infliction of "cruel and unusual

2  punishments."  It is the "unnecessary and wanton infliction of pain" that constitutes cruel and

3  unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S.

4  312, 319 (1986).  In order to state an Eighth Amendment claim, a prisoner must allege facts that

5  satisfy a two-part test.  First, he must allege facts showing that objectively he suffered a

6  sufficiently serious deprivation.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  "The objective

7  component of an Eighth Amendment claim is . . . contextual and responsive to 'contemporary

8  standards of decency.'"  Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Estelle v. Gamble,

9  429 U.S. 97, 103 (1976)).  The objective prong of the test requires the court to consider whether

10 the alleged wrongdoing was harmful enough to establish a constitutional violation in the context

11 of contemporary standards.  Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.  Second, the

12 plaintiff must allege facts showing that subjectively the defendant had a culpable state of mind in

13 allowing the deprivation to occur.  Wilson, 501 U.S. at 299.  Put another way, the plaintiff must

14 show that the official acted with deliberate indifference.  Id.

15          In his amended complaint, plaintiff alleges in vague and conclusory fashion that

16 the tobacco ban in California prisons  "exacerbates [his] anguish in a sense so chilling it makes

17 [him] shiver with emotional injuries such as psychic shock, confusion, forgetfulness."  (Compl.

18 at 10.)  In addition, plaintiff alleges that the ban has caused him "physical injuries such as

19 profuse sweating, skin reaction, eating disorder, restlessness, etc."  (Id.)  Finally, plaintiff alleges

20 that the ban has resulted in his loss of "the ability to belch normally, the ability to compose

21 limerick, the ability to use imaginative reality of material possession, in the stead of physical

22 reality, to relieve tension, idleness, and misery. . . ."  (Id. at 23.)

23          Again, plaintiff has failed to allege an actual connection or link between any

24 appropriate defendants, such as correctional or medical staff, and the deprivation alleged to have

25 been suffered by him.  See Monell, 436 U.S. 658; Rizzo, 423 U.S. 362.  See also Johnson, 588

26 F.2d at 743 (§ 1983 requires an affirmative act, participation in another's affirmative act or

7

omission of an act legally required).  Moreover, plaintiff's vague and conclusory allegations fail

to allege any wrongdoing harmful enough to establish a constitutional violation in the context of

contemporary standards of decency.  See, e.g., Larson, 2008 WL 220377 at *3 ("there are no

court decisions holding that the denial of tobacco products, including snuff, deprives prisoners of

their right to be free from cruel and unusual punishment or that the use of snuff is a medical

necessity."); Larson v. Runnels, No. CIV. S-06-1934 FCD GGH, 2007 WL 2712110 at * 2 (E.D.

Cal. Sept. 14, 2007) ("The actions of prison officials in banning tobacco cannot possibly be an

Eighth Amendment or Fourteenth Amendment violation.").  Nor has plaintiff alleged any

plausible facts showing that subjectively defendant Schwarzenegger had a culpable state of mind

where he was concerned.  Accordingly, plaintiff's Eighth Amendment claim lacks an arguable

basis in law and should be dismissed as frivolous.

Given the defects in the allegations of plaintiff's amended complaint and the

court's previous order providing direction to plaintiff while dismissing with leave to amend, it is

now clear that granting further leave to amend would be futile.  See Reddy v. Litton Indus., Inc.,

912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729,

738 (9th Cir. 1987).  The undersigned will therefore recommend that plaintiffs' claims be

dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed

due to plaintiff's failure to state a cognizable claim.  See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, plaintiff may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

/////

/////

1   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2   F.2d 1153 (9th Cir. 1991).

3   DATED: October 7, 2008.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    lafa1049.56

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26